**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

___Andrew G. Watters_____
Appellant(s),

         vs.

___Richard Troyan_____
Appellee(s).

9th Cir. Case No. 26-2038

District Court or
BAP Case No. 5:26-cv-02808-NW

**APPELLANT'S STATEMENT IN RESPONSE TO ORDER TO SHOW
CAUSE RE JURISDICTION [dkt no. 006]; APPELLANT'S
DECLARATION CONCERNING TIMELINESS**

The order denying the requested Temporary Restraining Order and Order to Show Cause re Preliminary Injunction is appealable because it expressly denied any opportunity to seek a preliminary injunction and also denied a hearing. This Court has jurisdiction over the appeal under 28 U.S.C. § 1292(a)(1), which authorizes interlocutory appeals from district court orders "refusing … injunctions." Although denials of temporary restraining orders are ordinarily not appealable, the District Court's order denying Appellant's combined *ex parte* motion for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction—a decision issued entirely on the papers without any hearing—is tantamount to the denial of a preliminary injunction and is therefore immediately appealable. The Ninth Circuit has long recognized that a denial of a TRO is appealable under § 1292(a)(1) when the circumstances render it

9th Cir. Case No. _____ Page 2

"tantamount to the denial of a preliminary injunction." Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1308 (9th Cir. 1989) (citing Environmental Defense Fund, Inc. v. Andrus, 625 F.2d 861, 862 (9th Cir. 1980)); see also Ninth Circuit Appellate Jurisdiction Outline § II.B.1.f.i (recognizing this exception). A TRO denial meets this standard where the district court has conducted (or had the functional equivalent of) a full adversary process and any further interlocutory proceedings would be futile or would foreclose effective review. Religious Tech. Ctr., 869 F.2d at 1308-09; Graham v. Teledyne-Continental Motors, 805 F.2d 1386, 1388 (9th Cir. 1986). Here, the district court had before it Appellant's verified complaint, complete briefing, declarations, and evidentiary showing in support of both immediate TRO relief and preliminary injunctive relief. The court denied the requested relief entirely on the papers, without convening a hearing, without requesting additional evidence, without giving Appellant any opportunity to play his video evidence, nor indicating that the ruling was preliminary or subject to later reconsideration at a preliminary-injunction stage. By adjudicating the motion on the full substantive record presented, the district court conclusively determined that Appellant is not entitled to preliminary injunctive relief. Requiring Appellant to file a separate formal motion for a preliminary injunction and participate in a hearing would therefore be futile—the court has already rejected the request on the merits of the same

9th Cir. Case No. _____ Page 3

showing. See Religious Tech. Ctr., 869 F.2d at 1308-09 (denial tantamount where district court's ruling made clear "there was nothing left to talk about" and further proceedings would be pointless).  This procedural posture distinguishes the order from a routine, short-lived TRO denial and brings it squarely within the "tantamount" exception recognized by this Circuit. Immediate appeal is the only effective means of reviewing the district court's refusal of preliminary injunctive relief before Appellant suffers the irreparable harm the motion sought to prevent. Accordingly, the appeal is properly before the Court under 28 U.S.C. § 1292(a)(1), and dismissal is unwarranted.

Appellant received the Order to Show Cause on April 7, 2026 setting a deadline of April 15, 2026 for this response.  Appellant declares that he suffered a significant viral illness during this period that is still ongoing, as well as a difficult press of business from multiple upcoming trials, and was physically unable to file this response earlier than April 18, 2026.  Appellant requests three days of additional time to allow this late filing under Rule 26(b).


\_\_\_**Andrew G. Watters**_____ \_\_\_\_/s/_____
Name Signature
\_555 Twin Dolphin Dr., Ste. 135

\_Redwood City, CA 94065_____

\_(650) 542-0057,800_____ \_April 18, 2026_____
Address Date